*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0160p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

NEW ALBANY TRACTOR, INC.,
　　　　　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

LOUISVILLE TRACTOR, INC.; METALCRAFT OF
MAYVILLE, dba Scag Power Euipment, Inc.,
　　　　　　　　　　　*Defendants-Appellees.*

No. 10-5100

_____

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 08-00664—John G. Heyburn II, District Judge.

Decided and Filed:  June 21, 2011

Before:  MERRITT, CLAY, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Thomas E. Roma, Jr., PARKER & O'CONNELL, PLLC, Louisville, Kentucky, for Appellant.  D. Craig York, Jill F. Endicott, DINSMORE & SHOHL LLP, Louisville, Kentucky, C. Kent Hatfield, Justin D. Clark, STOLL KEENON OGDEN PLLC, Louisville, Kentucky, David A. Westrup, von BRIESEN & ROPER, s.c., Milwaukee, Wisconsin, for Appellees.

_____

**OPINION**

_____

　　　MERRITT, Circuit Judge.  Plaintiff, New Albany Tractor, appeals the Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") dismissal of its complaint alleging violations of the Robinson-Patman Act, an amendment to the Clayton Act.  Plaintiff also contends that it should have been allowed to amend the complaint, or, alternatively, it should have been dismissed without prejudice.  The basic question before us is the effect of two recent Supreme Court

1

decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which addressed pleading requirements under Rule 8 of the Federal Rules of Civil Procedure ("short and plain statement of the claim"). For the reasons that follow, we agree that these cases required the district court to dismiss the complaint with prejudice.

## I.

Plaintiff, New Albany Tractor, Inc., filed a complaint against defendants, Metalcraft of Mayville, Inc., d/b/a Scag Power Equipment and Louisville Tractor, Inc., alleging violation of the Robinson-Patman Act, 15 U.S.C.§ 13(a). The Robinson-Patman Act prohibits, among other things, a seller from selling the same product to two different buyers at different prices.[1] Its primary purpose is to stop large buyers from receiving discriminatory preferences over smaller buyers due to the larger buyers' greater purchasing power. Defendant Scag, a Wisconsin corporation, manufactures mowing equipment that it sells to distributors that in turn sell to retailers. Defendant, Louisville Tractor, wears two hats: it is the exclusive wholesale distributor of Scag equipment to retailers in the Louisville area, and it is also a retailer of Scag equipment in the Louisville market. Plaintiff, New Albany Tractor, is solely a retailer, selling Scag mowers as well as other brands in the Louisville area. Scag requires New Albany to buy its Scag product line and parts from Louisville Tractor, its exclusive distributor in the Louisville area. Scag will not sell directly to New Albany Tractor (or any other retailer) and it will not allow New Albany Tractor to purchase Scag equipment from a Scag distributor outside the Louisville area.

Essentially, New Albany Tractor's complaint alleges a discriminatory pricing scheme between defendant Scag, the manufacturer, and defendant Louisville Tractor, in

---

[1]The Act provides in pertinent part:

> It shall be unlawful for any person engaged in commerce . . . to discriminate in price between different purchasers of commodities of like grade and quality . . . where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce . . . .

15 U.S.C. § 13(a).

its role as the exclusive wholesaler of Scag equipment in the Louisville market, with the effect of reducing competition. In order to satisfy the requirement in the language of the Act that the sales must be to "different purchasers," plaintiff alleges that Louisville Tractor, which is the *only* purchaser of Scag products in the Louisville market due to its exclusive distributorship, is a "dummy" or strawman operation that is controlled by Scag so that any sale from Louisville Tractor to plaintiff is a fiction. Plaintiff alleges that it is Scag, not Louisville Tractor, selling directly to New Albany Tractor and the other retailers in the Louisville area. This "dummy" or "strawman" arrangement is known as "the indirect purchaser doctrine" for purposes of the Robinson-Patman Act.

## II.

Procedurally, this case had a somewhat confused history in the district court. After plaintiff, New Albany Tractor, filed its complaint, defendants, Scag Power Equipment and Louisville Tractor, filed individual motions to dismiss on the ground that New Albany Tractor had not made sufficient factual allegations that, as to pricing, would provide relief under Robinson-Patman. The district court initially denied the motions to dismiss, but, upon defendants' motions for reconsideration, agreed with defendants and granted the motions to dismiss the complaint.[2] In a short order granting reconsideration and dismissing plaintiff's Robinson-Patman Act claim, the district court found insufficient the allegation that Louisville Tractor was a "dummy" wholesaler or distributor. It concluded that plaintiff did not allege sufficient facts as to pricing to indicate that Scag "set or controlled [the distributor's] resale price." Order of January

---

[2]In October 2009, after defendants filed their motions for dismissal, the district court held a conference to discuss the issues and allowed plaintiff an additional 15 days to file an affidavit supporting its position that Scag exerted sufficient control over Louisville Tractor to allow plaintiff's Robinson-Patman claim under the indirect purchaser doctrine to proceed. After reviewing the affidavit of New Albany's president, Richard Kesselring, the district court denied both defendants' motions for dismissal on November 2, 2009. On November 16, 2009, defendant Louisville Tractor, joined by defendant Scag, filed a motion for reconsideration on the basis that the district court misinterpreted the affidavit and its attached pricing sheet submitted by plaintiff. The district court erroneously believed that the pricing sheet attached to Kesselring's affidavit was created by Scag for Louisville Tractor to set the prices at which Louisville Tractor must sell Scag's equipment to retailers, including plaintiff New Albany Tractor. In fact, the pricing sheet was created by Louisville Tractor and did not come from Scag. Plaintiff agreed that the district court misinterpreted the origin of the pricing sheet, but argued that denial of the motions to dismiss remained appropriate. The district court disagreed and issued an order on January 5, 2010, granting defendants' motion for reconsideration and dismissing plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

5, 2010, at 1 (quoting *Barnosky Oils, Inc. v. Union Oil Co. of Calif.*, 665 F.2d 74, 84 (6th Cir. 1981)). In the January 5, 2010, order, the district court said that its November 2, 2009, decision to deny defendants' motions to dismiss was based on the court's erroneous belief that the pricing sheet filed with the district court was a sufficient allegation that Scag actually set or controlled Louisville Tractor's resale prices of Scag products. Instead it concluded that the allegations were insufficient to claim that the relationship was other than a "traditional" or "normal" manufacturer-distributor relationship and would have the "absurd result of extending the [indirect purchaser] doctrine to cover every resale of goods." Jan. 5 Order at 3 (quoting *Barnosky*, 665 F.2d at 84).

## III.

Plaintiff raises two main issues on appeal: (1) the district court erred in granting the motions to dismiss by finding plaintiff's factual allegations in the complaint and the affidavit of its president, Richard Kesselring, insufficient to state a claim for relief under the Robinson-Patman Act, 15 U.S.C. § 13, and (2) the district court erred in failing to allow plaintiff to amend its complaint rather than giving the plaintiff an opportunity to amend.

Two recent decisions have changed the long-standing rule of *Conley v. Gibson*, in which the Supreme Court stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." 355 U.S. 41, 45-46 (1957). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court said that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." In *Twombly*, the Court changed the standard applicable to Rule 12(b)(6) motions to dismiss Sherman Act claims by directing that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Acknowledging that material allegations must be accepted as true and construed in the light most favorable to the nonmoving party, the Court nevertheless held that complaints in which plaintiffs have failed to plead enough

factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. 550 U.S. at 569-70.  The Court explained that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action.

This new "plausibility" pleading standard causes a considerable problem for plaintiff here because defendants Scag and Louisville Tractor are apparently the only entities with the information about the price at which Scag sells its equipment to Louisville Tractor.  This pricing information is necessary in order for New Albany to allege that it pays a discriminatory price for the same Scag equipment, as required by the language of the Act.  This type of exclusive distribution structure makes it particularly difficult to determine whether discriminatory pricing exists.

Before *Twombly* and *Iqbal*, courts would probably have allowed this case to proceed so that plaintiff could conduct discovery in order to gather the pricing information that is solely retained within the accounting system of Scag and Louisville Tractor.  It may be that only Scag and Louisville Tractor have knowledge of whether Scag exercises control over the terms and conditions of Louisville Tractor's sales to retailers, including the retail operations of Louisville Tractor.  The plaintiff apparently can no longer obtain the factual detail necessary because the language of *Iqbal* specifically directs that *no* discovery may be conducted in cases such as this, even when the information needed to establish a claim of discriminatory pricing is solely within the purview of the defendant or a third party, as it is here.  *Ashcroft v. Iqbal*, 129 S. Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").  By foreclosing discovery to obtain pricing information, the combined effect of *Twombly* and *Iqbal* require plaintiff to have greater knowledge now of factual details in order to draft a "plausible complaint."  *See* Arthur R. Miller, *From Conley to Twombly to Iqbal:  A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L. J. 1, 105 (2010) (discussing the need for greater factual information after *Twombly*).  Without discovery, pricing information or any fact that would support an allegation of illegal economic collusion becomes far harder to obtain.

Under the new *Twombly* standard set forth by the Supreme Court in an antitrust case, even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555. In this case that means, as the district court held, that plaintiff must allege specific facts of price discrimination even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit. The language of *Iqbal*, "not entitled to discovery," is binding on the lower federal courts.

**A.  *Robinson-Patman Act and the "Indirect Purchaser Doctrine"***

It is a violation of Robinson-Patman for a seller to provide the same product to two customers at different prices in a manner that gives one buyer a competitive advantage over the other. To make out a claim under Robinson-Patman, the plaintiff must allege: (1) two or more contemporaneous sales by the same seller; (2) at different prices; (3) of commodities of like grade and quality; (4) the discrimination had the requisite anticompetitive effect; and (5) the discrimination caused injury to the plaintiff. *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975) (citations omitted). To survive a motion to dismiss, plaintiff's complaint must allege each of these elements with sufficient detail "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).

Defendants contend that plaintiff has failed adequately to plead that there were two sales by the same seller because the complaint lacks allegations of a contemporaneous sale to two different buyers, instead alleging only that Scag sold equipment directly to Louisville Tractor and that Louisville Tractor in turn sold equipment to plaintiff. To get around this deficiency, plaintiff relies on the "indirect purchaser doctrine." As our Court previously explained, "The purpose of the indirect doctrine is to prevent a manufacturer from insulating itself from Robinson-Patman liability by using a 'dummy' wholesaler to make sales at terms actually controlled by the

manufacturer." *Barnosky Oils, Inc. v. Union Oil Co. Of Cal.*, 665 F.2d 74, 84-85 (6th Cir. 1981) (affirming the District Court's dismissal of the plaintiff's Robinson-Patman Act claims for failure to allege with sufficient factual detail that the manufacturer set or controlled the distributor's prices); *see also Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 524 (6th Cir. 2004) (stating that the indirect purchaser doctrine "considers a plaintiff who has purchased through a middleman to be a 'purchaser' for Robinson-Patman purposes if the supplier 'sets or controls' the resale prices paid by the plaintiff.") (citing *Barnosky Oils*, 665 F.2d at 84). Where the manufacturer's control of pricing is not clearly alleged, the complaint should be dismissed. The issue is whether plaintiff sufficiently pled that Scag actually controls the price of products by Louisville Tractor to plaintiff so that plaintiff pays a higher price than another retail purchaser.

Plaintiff must allege that Scag controls Louisville Tractor to such an extent that Louisville Tractor is reduced to a strawman simply doing the bidding of Scag in the Louisville market. Plaintiff alleges that Scag refuses to allow retailers in Louisville's exclusive sales area to purchase from any other Scag distributor. This does not show that Scag controls Louisville Tractor. Merely demonstrating the existence of an exclusive distributorship in a market area does not violate Robinson-Patman – or any other antitrust provision. In addition, plaintiff alleges that Scag "encouraged," "was aware of" and "allowed" Louisville Tractor to sell at the prices it did, but this does not show that Louisville Tractor was selling at a discriminatory price set by Scag. There is no allegation that it forced Louisville Tractor to sell at a certain price or that this price was discriminatory.

Plaintiff contends that the affidavit of its president, Richard Kesselring, alleges that Scag controls the warranty programs for its products, sets suggested retail prices, and performs and controls some advertising. The district court found that the allegations did not demonstrate the requisite control. They showed only that Louisville Tractor sets it own prices, which are *monitored* by Scag, but not *set* by Scag. Jan. 5, 2010, Order at 2. Plaintiff argues on appeal that the district court looked at the control issue too narrowly by focusing on whether Scag set or controlled in some way the prices at which

Louisville Tractor sold Scag equipment. In order to violate the Act, plaintiff must allege discriminatory pricing set by Scag. To come within the indirect purchaser doctrine, both a discriminatory price and control of the price by the manufacturer of the selling price of the product in the hands of the distributor is necessary. Here we have insufficient allegations of both price discrimination and control.

## B.  *Leave to Amend or Dismissal Without Prejudice*

Plaintiff contends in its opening brief that the district court erred in failing to grant it leave to amend its complaint, or, in the alternative, by failing to dismiss the complaint without prejudice. As to the leave-to-amend issue, Federal Rule of Civil Procedure 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, however, plaintiff never formally requested leave to amend below and defendant argues that the argument has been waived. Because plaintiff does not raise the leave-to-amend argument again in its reply brief, focusing instead on the dismissal with prejudice, we conclude that plaintiff concedes that it has waived the issue.

As to the dismissal-with-prejudice issue, we review the district court's decision for abuse of discretion, so the bar is high for reversal. The district court gave the plaintiff substantial additional time to come up with more specific evidence of control by Scag over Louisville Tractor or of a differential in price paid between plaintiff and other retailers. Plaintiff was unable to do so because the facts are unavailable to plaintiff. Without discovery, the plaintiff may have no way to find out the facts in the hands of competitors, but *Iqbal* specifically orders courts, as quoted above, to refuse to order further discovery. If the plaintiff should be able to find out the facts it needs to state a claim, it will have to file another complaint.

For the foregoing reasons, we affirm the judgment of the district court.