NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0436n.06

No. 13-2224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 16, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LUCRETIA D. HOLLIDAY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| WELLS FARGO BANK, NA, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SUTTON and COOK, Circuit Judges, MARBLEY, District Judge.[*]

ALGENON L. MARBLEY, District Judge.

## I. INTRODUCTION

Appellant Lucretia Holliday appeals the district court's order granting Appellee Wells Fargo's motion to dismiss. Holliday also appeals the district court's order denying her motion for reconsideration. For the reasons set forth herein, we AFFIRM the district court's decisions.

## II. BACKGROUND

On September 6, 2006, Plaintiff Lucretia Holliday obtained a mortgage against the real property located at 5269 Pond Bluff Drive, West Bloomfield, Michigan, from People's Choice Home Loan, Inc. in the amount of $360,000.00. As security for that loan, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender in the amount of $360,000. The mortgage was recorded on November 7, 2006. MERS then assigned the mortgage to U.S. Bank Trust National Association, as trustee of the Sequoia

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Funding Trust. That assignment was recorded on May 27, 2008. The mortgage was finally assigned to Defendant Wells Fargo Bank, NA. The assignment was recorded on December 27, 2011.

Holliday became unable to make the required monthly payments, and the subject mortgage went into default. Wells Fargo initiated foreclosure by advertisement proceedings pursuant to the power of sale contained in the mortgage and Mich. Comp. Laws § 600.3201, *et seq*. Holliday alleges that she commenced a loan modification process, but Wells Fargo claims that it was never provided a financial package for a loan modification review. On September 14, 2011, Holliday received, and signed, notice of the pending sale, under Mich. Comp. Laws § 600.3205a.

A sheriff's sale was held on June 26, 2012, and Wells Fargo purchased the property for $175,000. The redemption period expired on December 26, 2012. On January 30, 2013, Holliday filed a Complaint in Oakland County Circuit Court on four counts: quiet title; illegal foreclosure by advertisement; lack of capacity/ownership/privity; and breach of Mich. Comp. Laws § 600.3205. Wells Fargo removed the case to the Eastern District of Michigan, and subsequently filed a Motion to Dismiss, which the district court granted on July 26, 2013. Holliday filed a Motion for Reconsideration, which the district court denied on August 14, 2013. Holliday timely appealed.

## III. ANALYSIS

We review *de novo* a district court's decision to grant or deny a motion to dismiss under Rule 12(b)(6) for failure to state a claim, using the same standards employed by the district court. *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010). When considering a

motion to dismiss, we must accept as true any well-pleaded factual allegations in the plaintiff's complaint, *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007), but we need not accept any legal conclusions or unwarranted factual inferences, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, we review the lower court's ruling on the motion for reconsideration of the motion to dismiss *de novo* rather than for abuse of discretion. *Streater v. Cox*, 336 F. App'x 470, 474-75 (6th Cir. 2009) (citing *Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *3 (6th Cir. Feb. 3, 2009) (internal citation omitted) (applying *de novo* standard of review to a motion for reconsideration seeking review of a motion for judgment on the pleadings).

In Michigan, non-judicial foreclosures, or foreclosures by advertisement, are governed by statute. *See* Mich. Comp. Laws Ann. § 600.3204. Pursuant to Michigan law, "once a foreclosure is complete and the redemption period following the foreclosure has expired, a former owner loses all right, title, and interest in and to the mortgaged property." *Munaco v. Bank of America*, 513 F. App'x 508, 510 (6th Cir. 2013) (citing *Piotrowski v. State Land Office Board*, 302 Mich. 179, 187-88 (1942); Mich. Comp. Laws § 600.3236). Mortgagors, however, can set aside the foreclosure sale if they can demonstrate "a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Vanderhoof v. Deutsche Bank National Trust*, 554 F. App'x 355, No. 13-1397, 2014 WL 211819, at *2, (6th Cir. Jan. 17, 2014) (citing *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 510-11 (6th Cir. 2013); *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013)). The standard is a high one. *Id*. (citing *Conlin*, 714 F.3d at 360). The question, then, "becomes whether [Plaintiff] made a sufficient showing of fraud or irregularity in the foreclosure sale to

3

warrant its rescission." *Id.* (citing *El-Seblani v. IndyMac Mortgage Services*, 510 F. App'x 425, 429-30 (6th Cir. 2013)).

## A.  Statutory Prerequisites

As a threshold matter, Holliday addresses the issue of whether she has authority, under Michigan law, to bring her claims.  Holliday argues that she does; though she recognizes that she failed to act on the Pond Bluff property within the redemption period, Holliday insists that she need not have exercised her right of redemption when there is fraud or irregularities woven throughout the foreclosure process.  Holliday alleges that, based on the fraud and irregularities, she has sufficiently established the requirements of the cause of action.  Holliday asserts that her lost title to the property is an obvious injury.  Holliday also contends that, under Michigan law, "the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." (*Appellant's Br.*, Doc. 25 at 19) (quoting *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548, 553 (1985) (internal citation omitted)).  Finally, Holliday notes that the court has the authority to rescind a foreclosure sale if the sale involved fraud or irregularity, and was subsequently invalid.

Wells Fargo claims that, pursuant to Michigan law, Holliday does not have authority to challenge the assignment at issue.  Relying on this court's decision in *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010), Wells Fargo rebuffs Holliday's contention that the assignment of the mortgage was invalid due to the allegedly closed trust of which it was part.  Wells Fargo contends that the *Livonia Properties* court rejected the very challenge to an assignment of a mortgage that Holliday presents here.  Wells Fargo further asserts that Holliday's argument can be rejected in part for the same reason we rejected plaintiff's argument in *Conlin v. Mortgage Electronic*

4

*Registration Systems, Inc*, 714 F.3d 355 (6th Cir. 2013), where we held that the mortgagor did not show that he had been prejudiced by alleged defects in the assignment of the mortgage. *Id*. at 361-62. Wells Fargo concludes that, like the appellant in *Conlin*, Holliday has failed to show prejudice, and thus does not have an actionable claim.

At issue is "a Michigan state-law requirement that is functionally similar to a statute of limitations." *Smith v. Litton Loan Servicing, LP*, 517 F. App'x 395, 397 (6th Cir. 2013). As we have previously explained, Michigan courts allow "'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable." *El-Seblani*, 510 F. App'x at 428 (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 248 (1969)). A plaintiff must meet the stringent standard of demonstrating fraud or irregularity directly related to the foreclosure procedure to merit such an extension. *Id*. at 429; *see also Conlin*, 714 F.3d at 360.

A plaintiff's showing of fraud or irregularity alone, however, is insufficient to warrant the rescission of a foreclosure sale. *Elsheick v. Select Portfolio Servicing, Inc.*, --- F. App'x ---, No. 13-2100, 2014 WL 2139140, at *5 (6th Cir. May 22, 2014). If a plaintiff is able to prove defect or irregularity, it renders the foreclosure sale voidable, not void *ab initio*. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (2012). For the foreclosure sale to be set aside, then, "[a] plaintiff[] must show that [she was] prejudiced by defendant's failure to comply with [Mich. Comp. Laws § 600.3204]. To demonstrate such prejudice, [she] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Spadafore v. Aurora Loan Services, LLC*, --- F. App'x ---, No. 13-1812, 2014 WL 1622771, at *2 (6th Cir. April 23, 2014); *see also Conlin*, 714 F.3d at 362

("Post-*Kim*, Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (e.g., double liability)").

Holliday has failed to meet the stringent standard of showing fraud or irregularity required to grant the necessary extension. As the district court correctly noted, Holliday's vague allegations of fraud or irregularities simply do not meet the well-established pleading standards required by *Iqbal*. 556 U.S. at 678-79. Moreover, Holliday does not make any mention of prejudice in this section of her argument, despite the necessity of establishing prejudice in order to have the sheriff's sale set aside. As such, the district court correctly dismissed Holliday's complaint.

### B. Alleged Violation of Mich. Comp. Laws § 600.3205

Holliday challenges Wells Fargo's actions regarding the foreclosure proceedings. Holliday claims that Wells Fargo wrongfully proceeded with the foreclosure process despite Holliday's alleged attempts to modify her loan. According to Holliday, her complaint clearly states Wells Fargo's specific violations of Mich. Comp. Laws § 600.3205c: Holliday never received the 14-day letter required under the statute, but she contacted Wells Fargo to obtain a loan modification; Wells Fargo did not complete the loan modification process, and subsequently denied Holliday's loan modification; and Wells Fargo did not send Holliday a denial letter with calculations. (*Appellant's Br.*, Doc. 25 at 10). Holliday insists that, based on her allegations, "the reasonable inference this court must draw from the allegations is that Defendant has not complied with [Mich. Comp. Laws § 600.3205]." (*Id.* at 13).

Wells Fargo counters that Holliday's vague allegations of violations are insufficient to demonstrate that Wells Fargo violated the loan modification statute. Though Holliday maintains

6

that she never received notice pursuant to Mich. Comp. Laws § 600.3205a, the record clearly shows that Holliday signed for the certified mailing. Wells Fargo contends that Holliday has neither alleged, nor offered evidence to show, that she submitted the requisite financial documents to Wells Fargo for a loan modification review. Moreover, Wells Fargo asserts that Holliday has failed to demonstrate that she would have qualified for a loan modification under Mich. Comp. Laws § 600.3205.[1]

Under Mich. Comp. Laws § 600.3205c(1), "if a borrower has contacted [the mortgage holder] but the process has not resulted in an agreement to modify the mortgage loan, the [mortgage lender] shall work with the borrower to determine whether the borrower qualifies for a loan modification." *Thompson v. JPMorgan Chase Bank, N.A.*, --- F. App'x --- No. 13-2230, 2014 WL 1586992, at *3 (6th Cir. Apr. 22, 2014). Subsequently, the mortgage holder "shall provide the borrower with a copy of any calculation made." *Smith v. Bank of America Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012); Mich. Comp. Laws § 600.3205c(5). As this court has previously stated, "Michigan's statutory loan modification process does not require that the lender modify a loan, but requires only that the lender give notice and an opportunity for loan modification." *Thompson*, 2014 WL 1586992, at *3.

Pursuant to Mich. Comp. Laws § 600.3205c(8), the sole remedy for a mortgage holder's failure to follow the loan modification process is converting the foreclosure by advertisement to a judicial foreclosure. *See Elsheick*, 2014 WL 2139140, at *6. That remedy, however, can only

---

[1]Wells Fargo spends the latter portion of this section arguing that Holliday wrongfully raises issues concerning discovery. Wells Fargo contends that Holliday's insistence on discovery is in conflict with this court's finding in *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, in which we stated that "plaintiff must allege specific facts [of his claim] even if those facts are only within the heads or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit." 650 F.3d 1046, 1051 (6th Cir. 2011). Holliday, however, does not address discovery until Section IV of her argument. Thus, we reserve discussion of discovery issues for Section IV.D.

apply when the foreclosure itself is still pending. *See Smith*, 485 F. App'x at 756 ("[the] statute…when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure. [Plaintiffs] brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."). Thus, judicial foreclosure is inapplicable as a remedy after a foreclosure unless plaintiff has sufficiently stated the requisite fraud or irregularities.

The district court correctly dismissed Holliday's claim that Defendant failed to comply with Mich. Comp. Laws § 600.3205c. Despite Holliday's insistence that this court reasonably must infer that she has sufficiently alleged violations of Mich. Comp. Laws § 600.3205c, she has not done so. The record reflects that Holliday received notice of the foreclosure, indicated by her signature on the receipt line. Holliday has failed to provide this court with any evidence to demonstrate a factual basis to state adequately a claim for relief, as required under Rule 12(b)(6). Insofar as Holliday indirectly seeks a conversion of the foreclosure by advertisement to a judicial foreclosure, it cannot be done. Holliday brought her claim only after the foreclosure sale had taken place; hence, there is no foreclosure to convert. *Id*.

## C. Foreclosure by Advertisement and Compliance with Mich. Comp. Laws § 600.3204

Holliday also maintains that the assignment of the mortgage is invalid because it was part of a trust that was closed following the assignment. Holliday challenges Wells Fargo's authority to initiate foreclosure proceedings, and alleges that Wells Fargo was not the owner of the debt or interest in the mortgage, or the servicing agent, as required under Mich. Comp. Laws § 600.3204(1)(d). As in earlier arguments, Holliday again insists that the assignment was invalid due to the condition of the trust at the time of the assignment: "It is Plaintiff's position that Plaintiff's Verified Complaint successfully attacks the foreclosure on the ground that the

8

assignment was not valid or authorized, nor was the resulting foreclosure [on the property]." (*Appellant's Br.*, Doc. 25 at 17). Seemingly overlooking current case law, Holliday asserts that the foreclosure sale is void *ab initio*. *See Kim*, 825 N.W.2d at 337 (finding that failure to follow the procedures set forth in Michigan's foreclosure by advertisement statute renders flawed foreclosures voidable, not void *ab initio*). While recognizing that her challenge to the loan modification process and subsequent foreclosure proceedings happened after the completion of the foreclosure by advertisement proceedings, Holliday maintains that her timing does not "negate the validity of her claim." (*Appellant's Br.*, Doc. 25 at 19).

Wells Fargo responds that, even if Holliday had shown that Wells Fargo had violated the foreclosure by advertisement, she has still not demonstrated a claim for relief. The only relief available through the statute is the conversion of a foreclosure by advertisement to a judicial foreclosure, a remedy that Wells Fargo insists "does not provide a party with an avenue to set aside a completed foreclosure and sheriff's sale." (*Appellee's Br.*, Doc. 26 at 12) (citing Mich. Comp. Laws § 600.3205c(8)). Wells Fargo asserts that, because Holliday is only entitled to the relief which the statute allows, and the statute does not permit a completed foreclosure to be set aside, Holliday has failed to plead a plausible cause of action.

In *Conlin*, this court explained that, pursuant to the holding in *Kim*, "[Mich. Comp. Laws] § 600.3204 defects [are] actionable…only on a showing of prejudice." *Conlin*, 714 F.3d at 361-62. Though neither party sets forth an argument specifically discussing prejudice, Holliday has failed to show the prejudice this court requires to demonstrate a defect in the foreclosure process. Without such a showing, this court cannot set aside the sheriff's sale. *See id*. at 362. Thus, the district court properly dismissed Holliday's claim.

9

### D. Prejudice Against Plaintiff by Foreclosure and Loan Modification

Holliday's final argument concerns prejudice and Holliday's desire for discovery to bolster her claims. Holliday alleges that she was prejudiced in the foreclosure process but is unable to articulate it because of the lack of discovery at the time Wells Fargo filed its motion to dismiss. She insists that "it is undisputed that Plaintiff was going to challenge the foreclosure/loan modification." (*Appellant's Br.*, Doc. 25 at 21). Relying on *Roller v. Federal National Mortgage Association*, 2012 WL 5828625 (E.D. Mich. June 4, 2012), Holliday argues that any prejudice related to the foreclosure, assignment, and loan modification, can only be "borne out through depositions or requests for other forms of discovery." (*Appellant's Br.*, Doc. 25 at 21).

Wells Fargo responds that, even if Holliday had demonstrated that an irregularity in the foreclosure process by clear and convincing evidence, the sale is simply voidable and Holliday must still show how she was prejudiced by any alleged defect. Wells Fargo cites the various examples of prejudice that Holliday has been unable to support or to defend adequately, including the ability or intent to redeem the property; exposure to double liability; lack of documentation regarding Holliday's alleged loan modification review; and facts about her income to support the assertion that she would have qualified for a loan modification. (*Appellee's Br.*, Doc. 26 at 14). As such, Holliday once again has been unable to demonstrate any prejudice to support her claims.

We agree with the district court's finding that Holliday has not sufficiently shown prejudice. It is well settled that a party cannot "use the discovery process to obtain [the facts it needs to support its claim] after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Regarding Holliday's reliance on *Roller*, the district court

properly determined that such reliance is misplaced: "the only remedy for a breach of section 600.3205c is conversion of the foreclosure by advertisement to a judicial foreclosure. But the time for that has passed and showing prejudice cannot change that." *Holliday v. Wells Fargo Bank, NA*, No. 13-11062, at 13 n. 3 (E.D. Mich. July 26, 2013). As the district court determined, Holliday has insufficiently alleged any showing of fraud or defect, in addition to failure to show prejudice suffered as a result of the foreclosure procedure. Thus, we uphold the district court's decision to dismiss Holliday's claims.

## IV. CONCLUSION

For the reasons set forth above, we affirm the district court's dismissal of Plaintiff's complaint.