**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0923n.06

Case No. 14-1823

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 11, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| FAROUK SACO and SUHA SACO, | ) | |
|  | ) | |
| Plaintiffs-Appellants, | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| DEUTSCHE BANK NATIONAL TRUST | ) | MICHIGAN |
| COMPANY, | ) | |
|  | ) | |
| Defendant-Appellee. | ) | |
|  | ) | |

BEFORE: BATCHELDER, SUTTON, and COOK, Circuit Judges.

SUTTON, Circuit Judge. Farouk and Suha Saco mortgaged their Michigan home to obtain a loan. When they could no longer keep up with their payments, their bank foreclosed on the house. A federal district court refused to invalidate the sheriff's sale that ensued. Neither will we.

In 2004, the Sacos took out a $255,000 loan and secured it with a mortgage on their house. The Sacos defaulted nine years later, prompting Deutsche Bank—which by then had been assigned the mortgage—to foreclose on the house. As required by Michigan law, the Bank told the Sacos that a sheriff's sale was imminent, and it won the property at the resulting auction with a bid of $156,141.61. Once that happened, the Sacos had six months to "redeem" their

property by buying it back from its new owner at the new sales price. Mich. Comp. Laws § 600.3240(1), (7). They did not try to redeem the property. Instead, after the redemption period ended, the Sacos sued the Bank in Grand Traverse County, claiming that the sheriff's sale was invalid. The Bank removed their lawsuit to federal court, which dismissed the complaint for failure to state a claim. The Sacos appeal.

The appeal turns on whether the Bank properly obtained ownership of the house through the sheriff's sale. One statute and two facts demonstrate that the Bank permissibly owns the house. In Michigan, a valid sheriff's sale gives "all the right, title, and interest" in a property to whoever wins the auction, unless the original owner redeems the property within six months. *Id.* § 600.3236. The Bank won the auction, and the Sacos never exercised their right of redemption. *See* R. 11-3 at 2, PageID #100; R. 19 at 2.

The Sacos cannot head off this conclusion by claiming that the Bank's alleged violations of the Michigan loan-modification statute made the sheriff's sale invalid. For one, Michigan has repealed the statute. An Act To Amend 1961 PA 236, 2012 Mich. Legis. Serv. 521 (West). For another, they cannot prevail even if we assume their allegations are true and even if we assume the statute still bears on the issue. In Michigan, courts cannot set aside a completed sheriff's sale without "a clear showing of fraud" or "irregularity." *Conlin v. Mortg. Elec. Registration Sys. Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). The Sacos mention this standard but make no attempt to meet it with the specificity Federal Rule of Civil Procedure 9(b) requires. *See* Appellants' Br. at 8.

More, the Sacos misunderstand how the (repealed) loan-modification statute worked. It created a limited and exclusive remedy for violations: judicial supervision of a *pending* foreclosure proceeding. Mich. Comp. Laws § 600.3205c(8). The sheriff's sale, however, has

come and gone. That leaves the courts with no foreclosure to supervise and the Sacos with no claim to bring, as we have said before in similar circumstances. *E.g.*, *Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 370 (6th Cir. 2014); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 499 (6th Cir. 2014).

It is true that, in one instance, we said that violations of the statute are "structural defects" that automatically void a foreclosure. *See Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012). But that was when Michigan law permitted that conclusion. That is no longer the case. The Michigan Supreme Court has since made clear that defective foreclosures are *voidable*, not void from the outset, and voidable only if the claimants (here the Sacos) can show they were prejudiced by the defect. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). Any such violation thus does not void the foreclosure from the outset. And the Sacos at any rate have not alleged that "they would have been in a better position to preserve their interest in the property" had the Bank complied with the statute. *Id.* They may not proceed to discovery on speculation alone. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

That leaves one other question—their action to quiet title under Mich. Comp. Laws § 600.2932(1). Michigan Court Rule 3.411(B)(2)(c) explains that, to invoke that statute, the Sacos must plead "facts establishing the superiority of the[ir] . . . claim" to the property—showing, in other words, that the sheriff's sale was somehow invalid. But their only arguments on this score involve the Bank's alleged violations of the loan-modification statute. Those allegations, we have just explained, do not take the Sacos where they need to go.

For these reasons, we affirm.