NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0657n.06

No. 15-1241

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RODERICK RAY; MATTIE RAY, | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Sep 28, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| U.S. BANK NATIONAL ASSOCIATION, | ) | UNITED STATES DISTRICT |
| Successor Trustee to Bank of America, Successor by | ) | COURT FOR THE EASTERN |
| Merger to LaSalle Bank, N.A., Trustee, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:     BATCHELDER, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.  In this case arising out of the mortgage litigation in Michigan, Roderick and Mattie Ray seek to have the foreclosure of their home by US Bank set aside due to alleged violations of both Michigan and federal law relating to the foreclosure proceeding and the loan modification process.  The Rays have not adequately alleged prejudice from the Michigan statutory violations, and cannot state a claim for failure of US Bank to comply with certain federal regulations that were not in force at the time of foreclosure.  The Rays' other claims also fail, and the district court therefore properly dismissed all of the Rays' claims.

In 2006, the Rays obtained a $175,000 loan from First Franklin, a division of National City Bank, and granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage against their home as security for the loan.  MERS assigned the mortgage to LaSalle Bank

National Association. In 2009, LaSalle foreclosed on the home; however, as a result of post-foreclosure litigation, LaSalle set aside the 2009 foreclosure and revived the mortgage.

In April 2012, the Rays submitted a loan modification application to Bank of America, the servicer of the loan. In December 2012, LaSalle assigned the mortgage to US Bank, the defendant-appellee in the present action. Bank of American never modified the Rays' loan, and the Rays defaulted. US Bank then initiated foreclosure proceedings and purchased the Rays' home at a sheriff's sale on June 20, 2013.

Under Michigan law, mortgagors may redeem the property during the six months following a sheriff's sale. Mich. Comp. Laws § 600.3240. After the redemption period expired on December 20, 2013, US Bank filed a summary proceeding in Michigan's 36th District Court to evict the Rays. On February 28, 2014, the Rays filed six counterclaims against US Bank, seeking to have the foreclosure sale set aside: (I) violation of Mich. Comp. Laws § 600.3205, *et seq.*, now repealed, but which at the time governed the loan modification process; (II) violation of the Real Estate Settlement Procedures Act ("RESPA") regulation 12 C.F.R. § 1024.41, which prohibits a loan servicer from foreclosing on a property after a borrower submits a loan modification application unless certain conditions are met, and RESPA provision 12 U.S.C. § 2605(k)(1)(E), which prohibits mortgage servicers from failing to comply with regulations implementing RESPA; (III) common-law negligence based on US Bank's alleged failure to comply with guidelines established by the federal Home Affordable Mortgage Program ("HAMP"); (IV) illegal foreclosure in violation of Mich. Comp. Laws § 600.3204, *et seq.*, for failure to give proper notice of the foreclosure; (V) racial discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3605; and (VI) exemplary damages.

The 36th District Court severed the Rays' counterclaims and transferred them to the Wayne County Circuit Court as a separate action. US Bank removed the action to the Eastern District of Michigan under diversity jurisdiction and then moved to dismiss the Rays' six claims under Federal Rule of Civil Procedure 12(b)(6). The district court granted US Bank's motion, and the Rays now appeal the dismissal of five of the six of their claims.[1]

The district court reasoned that Counts I and IV should be dismissed because the Rays' claims came after the expiration of the statutory redemption period and because the Rays did not sufficiently allege that they were prejudiced by a fraud or irregularity in the foreclosure procedure. Next, the district court ruled that Count II should be dismissed because the RESPA regulation did not become effective until after the Rays' foreclosure sale and does not apply retroactively. The district court then dismissed Count III because courts have overwhelmingly held that HAMP does not impose a duty of care on a mortgage lender or servicer. The district court also dismissed Count V because the Rays failed to allege both that they met all relevant qualifications for a loan modification under HAMP and that US Bank continued to engage in HAMP loan modifications with individuals outside of the Rays' protected class while continuing to deny the Rays a modification. Finally, the district court dismissed Count VI because exemplary damages are a form of compensation and do not constitute a cause of action. The Rays challenge the district court's rulings on appeal, but their arguments lack merit.

First, the Rays have failed to state a claim upon which relief can be granted for either of the alleged violations of Michigan foreclosure laws (Counts I and IV) because their claims come after the expiration of the statutory redemption period and because the Rays' complaint does not sufficiently allege prejudice caused by fraud or irregularity in the foreclosure procedure. The

---

[1] The Rays did not list as an issue presented in their brief, nor discuss in the brief's argument section, the district court's dismissal of Count VI of their complaint, which contained a claim for exemplary damages. Thus, the Rays have waived this argument. *See, e.g.*, *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999).

Rays allege that US Bank violated Mich. Comp. Laws § 600.3205, *et seq.*, and Mich. Comp. Laws § 600.3204, *et seq.*, by failing to provide proper notice of the foreclosure, foreclosing on their property while they were under review for a loan modification, not complying with loan modification guidelines, not working with the Rays to determine if they qualified for a loan modification, and foreclosing via advertisement rather than by judicial sale.

However, under Michigan law, all of the mortgagor's "right, title, and interest in and to the property" are extinguished at the end of the six-month statutory redemption period. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942)); *see Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014). Michigan law does provide an exception to this rule: a mortgagor may seek to set aside a foreclosure sale after the expiration of the redemption period if the mortgagor can make a "clear showing of fraud[] or irregularity" in the foreclosure procedure that "prejudiced" the mortgagor. *Conlin*, 714 F.3d at 359-61 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969) and *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012)); *see also Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 242 (Mich. Ct. App. 2014).

Regardless of whether the Rays have adequately shown fraud or irregularity in the foreclosure procedure (which US Bank maintains that they have not), the Rays' claims fail because their complaint does not sufficiently allege that they were prejudiced by US Bank's purported violations. The Michigan Supreme Court has explained that in order to demonstrate prejudice, mortgagors "must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. Here, the Rays' complaint merely alleges that they were "severely prejudiced by the

misconduct" of US Bank, that they "have suffered prejudice and damages including the foreclosure of their home," that they experienced "pain and suffering," and that the allegedly illegal foreclosure caused "harm and prejudice."

The Rays' claims of prejudice fail because they are too general and vague; for example, the Rays did not allege that they were able to or intended to redeem the property or pay off the debt, that they were exposed to double liability, or that they were misled about the occurrence of the foreclosure sale. *Holliday v. Wells Fargo Bank, N.A.*, 569 F. App'x 366, 372 (6th Cir. 2014); *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 957 (6th Cir. 2014); *Conlin*, 714 F.3d at 362; *Diem*, 859 N.W.2d at 242-43. Thus, the district court correctly dismissed Counts I and IV because the Rays did not allege any facts that show that they would have been in a better position to protect their interest in their home but for US Bank's purported violations of the foreclosure statutes.

Additionally, regarding the alleged violations of Mich. Comp. Laws § 600.3205, *et seq.*, the Rays argue that they were prejudiced because they were engaged in loss mitigation at the time of the foreclosure. Thus, the Rays' argument appears to be that they were prejudiced because the modification that could have resulted from the loss-mitigation process might have allowed them to become current on the loan. However, the only remedy Michigan law provided for violations of Mich. Comp. Laws § 600.3205, *et seq.*, was to permit mortgagors to convert a foreclosure by advertisement into a judicial foreclosure; the statute did not permit a court to invalidate a completed foreclosure. Mich. Comp. Laws § 600.3205c(6) (repealed); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x. 492, 499 (6th Cir. 2014). Accordingly, the statutory remedy to convert the foreclosure by advertisement into a judicial sale was necessarily only available when the foreclosure process itself was still pending and is inapplicable to a case,

such as this one, where the foreclosure sale has been completed. *Holliday*, 569 F. App'x at 370 (citing *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012)). Therefore, the Rays' argument that the foreclosure sale should be set aside because US Bank foreclosed on their home while they were still engaged in loss mitigation is unavailing. *Terry v. Fed. Nat'l Mortg. Ass'n*, No. 321141, 2015 WL 4546570, *2 (Mich. Ct. App. July 28, 2015).

Second, the district court also properly dismissed Count II, which alleges violations of 12 C.F.R. § 1024.41 and 12 U.S.C. § 2605(k)(1)(E), because § 1024.41 did not become effective until after the foreclosure of the Rays' home and because the regulation does not apply retroactively. Section 1024.41, which prohibits a loan servicer from initiating foreclosure if a mortgagor has submitted a loan-modification application unless certain conditions are met, became effective on January 10, 2014—more than six months after the foreclosure sale of the Rays' home on June 20, 2013. Recently, in a case brought by the Rays' counsel on behalf of other clients in which counsel submitted a nearly identical brief, this court held that § 1024.41 does not apply retroactively. *Campbell v. Nationstar Mortg.*, No. 14-1751, 2015 WL 2084023, at *6-8 (6th Cir. May 6, 2015).

We explained in *Campbell* that § 1024.41 does not apply retroactively under the two-part test enunciated by the Supreme Court in *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37-38 (2006), because the regulation specifically includes an effective date of January 10, 2014, and because retroactive application would impermissibly impose new substantive duties on already completed foreclosures. *Id.* at *7-8. We reasoned that the first inquiry of the *Fernandez-Vargas* test—"whether Congress has expressly prescribed the statute's proper reach"—indicates that the Consumer Financial Protection Bureau ("CFPB") did not intend the regulation to apply retroactively because it carefully chose the effective date of January 10, 2014, in order to give

regulated entities sufficient time to implement the new requirements and in order to make § 1024.41 consistent with the effective dates of other regulations issued pursuant to the Dodd-Frank Act. *Id.* at *7 (quoting *Fernandez-Vargas*, 548 U.S. at 37). Additionally, we reasoned that the second prong of the *Fernandez-Vargas* test—whether applying the statute retroactively would affect "substantive rights, liabilities, or duties [on the basis of] conduct arising before [its] enactment"—also weighed against applying the regulation retroactively because retroactive application would impose on the defendant the duty not to foreclose on the property if the mortgagor had submitted a loan modification application when no such duty existed under the law at the time of the foreclosure sale. *Id.* at *7-8 (quoting *Fernandez-Vargas*, 548 U.S. at 37).

Our reasoning in *Campbell* was sound. Accordingly, the district court correctly dismissed Count II because § 1024.41 was not in effect at the time of foreclosure sale of the Rays' home and does not apply retroactively.

Third, the Rays' common-law negligence claim (Count III) based on violations of the HAMP regulations fails to state a claim upon which relief can be granted because the HAMP regulations do not impose a duty of care on servicers to borrowers. The Rays allege that US Bank failed to comply with regulations under HAMP, which is a federal program established by the Emergency Stabilization Act, 12 U.S.C. § 5201, *et seq.*, that is designed to help homeowners avoid foreclosure by modifying their loans. Relying on *Mik v. Federal Home Loan Mortgage Corp.*, 743 F.3d 149 (6th Cir. 2014), the Rays argue that violations of a federal statute, such as the HAMP regulations, can be used "offensively" to establish a common-law negligence claim.

However, this court recently ruled in *Campbell* as well as in *Rush v. Freddie Mac*, 792 F.3d 600 (6th Cir. 2015)—both cases again involving substantially similar briefs submitted

by the Rays' counsel on behalf of other clients—that the HAMP regulations do not impose a duty of care, an essential element of any negligence claim, on servicers to borrowers under Michigan law. *Rush*, 792 F.3d at 605-06; *Campbell*, 2015 WL 2084023, at *9. In *Rush* (in which we explicitly relied on *Campbell*), we explained that Michigan courts have not recognized that servicers owe a duty to borrowers based on the HAMP regulations because under Michigan law "the duties established by the mortgage contract govern the relationship between the parties" and because a Michigan homeowner "who has defaulted may not simply waive the contract and sue in negligence." *Rush*, 792 F.3d at 605 (citing *Campbell*, 2015 WL 2084023, at *9).

Our published opinion in *Rush* is binding. Because any duty US Bank owed to the Rays arose out of the mortgage contract, the district court correctly ruled that the HAMP regulations do not impose a duty of care on US Bank under Michigan tort law and consequently that the Rays may not base a common-law negligence claim on violations of the HAMP regulations.

Finally, the Rays fail to state a claim upon which relief can be granted under the Fair Housing Act (Count V) because their complaint omitted one of the essential elements of a prima facie case of racial discrimination under 42 U.S.C. § 3605. The Rays, who are African-American, allege that US Bank refused to review their loan for a modification under HAMP because of their race. The Rays acknowledge that they do not have direct evidence of US Bank's alleged discrimination; accordingly, to state a claim under § 3605, they must plead that:

> (1) they were a member of a protected class; (2) they attempted to engage in a "real estate-related transaction" with [the defendant], and met all relevant qualifications for doing so; (3) [the defendant] refused to transact business with the plaintiffs despite their qualifications; and (4) the defendant[] continued to engage in that type of transaction with other parties with similar qualifications.

*Mich. Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994) (citing *Sec'y, United States Dept. of Hous. & Urban Dev. ex rel. Herron v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990)).

Here, even assuming that the Rays' conclusory statement that they qualified for a loan modification is sufficient to show that they "met all relevant qualifications" without any further facts in the complaint actually demonstrating their qualifications, the Rays' claim fails because their complaint makes no allegation that US Bank continued to engage in loan-modification reviews with other similarly qualified individuals outside of their race. Accordingly, because the Rays did not plead one of the essential elements of a discrimination claim under § 3605 of the Fair Housing Act, the district court correctly dismissed Count V of their complaint.

For the foregoing reasons, the judgment of the district court dismissing the Rays' claims is affirmed.