<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0366n.06

No. 18-4001

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHANNON POWERS, Parent and Natural Guardian of L.P., a Minor, et al., | ) ) ) | **FILED**<br>Jul 17, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF |
| MERCK & COMPANY, INC., et al., | ) | OHIO |
| Defendants-Appellees. | ) ) ) | **OPINION** |

Before: SILER, COOK, and NALBANDIAN, Circuit Judges.

PER CURIAM. Shannon Powers and William Powers, as parents and guardians of their minor daughter L.P., appeal the district court's order dismissing their complaint. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In their complaint against Merck & Company, Inc., and Merck, Sharp & Dohme Corporation (collectively, Merck), the Powerses alleged that L.P. began experiencing adverse symptoms after receiving Gardasil—an HPV (human papillomavirus) vaccine manufactured by Merck—which they claimed came from a lot contaminated with viral HPV DNA. Merck asked the district court to dismiss the complaint, arguing that the Powerses failed to state a claim because they had not exhausted their administrative remedies as required by the National Childhood Vaccine Injury Compensation Act (Vaccine Act), and their complaint did not show that they were exempt from that requirement. The district court granted that motion and dismissed the complaint.

We review de novo whether a complaint fails to state a claim. *In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010). To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must therefore allege facts that make it reasonable to infer that the defendant is liable for the claimed misconduct, as opposed to making unsupported legal conclusions or offering speculation in support of a claim. *See id.* at 679.

The Vaccine Act requires an individual seeking to recover for a "vaccine-related injury or death"—which is defined, in part, as "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table"—to exhaust his administrative remedies via a petition filed with the U.S. Court of Federal Claims before turning to a state or federal court. 42 U.S.C. §§ 300aa-11(a), 300aa-33(5). But if the injury is associated with "an adulterant or contaminant intentionally added to such a vaccine," it is not a vaccine-related injury and, as a result, the Vaccine Act's exhaustion requirement does not apply. 42 U.S.C. § 300aa-33(5). Here, it is not disputed that the Powerses did not exhaust their administrative remedies,[1] nor is it disputed that they needed to allege that L.P. did not suffer from a vaccine-related injury, which would exempt them from the administrative process.

A vaccine-related injury is "an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include an illness, injury, condition, or death associated with an adulterant or contaminant intentionally added to such a vaccine." 42 U.S.C. § 300aa-33(5). The issue here is whether viral HPV DNA constitutes an "adulterant" or "contaminant" under § 330aa-33(5). If so, the claim here is not a vaccine-related injury and can proceed outside the Court of Federal Claims.

---

[1] The U.S. Court of Federal Claims dismissed the Powerses' petition as untimely, and the Powerses did not appeal that decision. *See Powers v. Sec'y of Health & Human Servs.*, No. 14-1195V, 2016 WL 1730189 (Fed. Cl. Apr. 8, 2016).

The Vaccine Act does not define "adulterant" or "contaminant," so we look to the plain meaning of those terms for an answer. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). A contaminant is a substance that "render[s] impure by contact or mixture"—something that "corrupt[s], defile[s], pollute[s], taint[s], [or] infect[s]." Oxford English Dictionary (2d ed 1989). Similarly, an adulterant is a substance that "make[s] impure," or "corrupts" or "debase[s]." *Id*. Both words share the core feature of including an ingredient that does not belong. *See Owens ex rel. Schafer v. Am. Homes Prods. Corp.*, 203 F. Supp. 2d 748, 754–55 (S.D. Tex. 2002) (alteration in original) (quoting *The American Heritage Dictionary* 58 (2d ed. 1992); *Webster's 9th New Collegiate Dictionary* 283 (9th ed. 1991)). That's why the Federal Circuit has explained that this exclusion only captures claims based on "a *foreign substance* [that was] purposefully introduced into the vaccine itself." *Amendola v. Sec'y, Dep't of Health & Human Servs.*, 989 F.2d 1180, 1186 (Fed. Cir. 1993) (emphasis added). Thus, something that a manufacturer adds intentionally as an ingredient cannot be an "adulterant" or a "contaminant" as understood in the statute. *See, e.g.*, *Bordenkircher v. Am. Home Prods.*, No. 5:03-cv-443, 2004 WL 6066904, at *2 (M.D. Fla. Mar. 25, 2004) (explaining that thimerosal was neither an adulterant nor a contaminant because "it is purposefully used as an ingredient in the approved formulation of a vaccine" (quoting *Owens*, 203 F. Supp. 2d at 755)).

The Powerses alleged that Gardasil from a lot intentionally contaminated with viral HPV DNA caused L.P.'s injuries. But crucially, they contend that Merck "intentionally" added viral HPV DNA "to their formula." Complaint, ¶ 8. So according to the Complaint, viral HPV DNA is neither an adulterant nor a contaminant and is, instead, a component of Gardasil. As a result, the Powerses failed to allege that L.P. received a contaminated vaccine and did not suffer a vaccine-related injury.

Nor are we persuaded by the argument that the Complaint makes out a claim for relief simply because it alleges words like "contaminant" and "intentional." *See* Reply Br. at 5–6. Conclusory allegations are never sufficient to overcome a motion under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678–79. The Powerses must allege facts that—if true—would establish that viral HPV

DNA amounts to a contaminant or adulterant under the Vaccine Act. Simply labeling it as a contaminant and claiming that Merck intentionally added it to the formula is not enough.

Nevertheless, the Powerses maintain that they should have been given the chance to engage in discovery prior to a ruling on Merck's motion to dismiss. But they were not entitled to discovery prior to dismissal because a party "may not use the discovery process to obtain [the facts necessary to state a claim] after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

Accordingly, we **AFFIRM** the district court's order dismissing the Powerses' complaint.