NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0303n.06

No. 12-1955

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 26, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROGER BLOCK and DARLA BLOCK, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BAC HOME LOANS SERVICING, L.P., | ) | EASTERN DISTRICT OF MICHIGAN |
| and FANNIE MAE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, SUTTON and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. In October 2005, Roger and Darla Block obtained a mortgage loan for $111,000 from America's Wholesale Lender, using their home at 151 Bishop in Highland, Michigan, as collateral. In June 2009, the Blocks stopped paying their mortgage, and in October 2009, America's Wholesale Lender assigned the defaulted loan to BAC Home Loans, a subsidiary of Bank of America. The bank foreclosed on the property and bought it at a sheriff's sale on March 15, 2010.

Nearly a year later, the Blocks sued in state court, alleging, among other things, that the defendants breached Mich. Comp. Laws § 600.3205 by failing to send them calculations related to a potential loan modification. The defendants removed the case to federal court and filed a motion to dismiss, which the district court granted. The Blocks appealed.

As a first matter, Michigan law no longer gives the Blocks the right to challenge the foreclosure. From the date of a sheriff's sale, a mortgagor has six months to redeem his legal interest

in a home. Mich. Comp. Laws § 600.3236. After six months—here, September 16, 2010—the mortgagor's legal rights in the property vanish and can only be restored by a lawsuit pleading "fraud, accident, or mistake." *Senters v. Ottawa Savings Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993); *see also Houston v. U.S. Bank Home Mortg. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) (noting that after six months, there "must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant"). The Blocks did not file suit until nearly a year after the sheriff's sale, and even then, their complaint makes only speculative and conclusory allegations of fraud. *See, e.g.*, Compl., R. 1-1 ¶¶ 14–16 (alleging that affidavits "*may* have been signed by persons who did not have personal knowledge of the facts asserted," that they "*may* have been signed outside the presence of a notary public," and that the defendants engaged in "robo-signing") (emphases added). Speculation is not enough to survive Michigan's requirement that plaintiffs plead allegations of fraud or mistake "with particularity." Mich. Ct. R. 2.112(B)(1).

Even if, for the sake of argument, the Blocks had successfully tolled the statutory redemption period, their state law claim would go nowhere. Before a bank can foreclose on a house in Michigan, the lender must provide the homeowner with notice designating a point of contact for loan modification. Mich. Comp. Laws § 600.3205a(1). To request modification, the homeowner must contact a housing counselor; at that point, the counselor contacts the lender. *Id*. § 600.3205b (2011) (In December 2011, the Michigan legislature amended the procedure to allow borrowers to contact their lenders directly. 2011 Mich. Pub. Acts 302.) The lender must then meet with the homeowner and attempt to work out a modification. *Id*. If negotiations fail, the lender must still calculate

whether the homeowner qualifies for a modification and provide the homeowner with a copy of those calculations. *Id*. § 600.3205c(5).

Here, the Blocks' complaint does not allege that they failed to receive notice of the opportunity to modify their loan or that they ever contacted a housing counselor. In fact, an affidavit the Blocks attached to their motion for reconsideration indicates that BAC Home Loans provided the required notice. Because they failed to contact a housing counselor, the Blocks triggered no obligation for BAC Home Loans to attempt to modify their mortgage, let alone send them any calculations. *See Bowden v. Am. Home Mortg. Serv., Inc.*, No. 12-1371, 2013 WL 195672, at *1 (6th Cir. Jan. 17, 2013) (affirming dismissal of a Mich. Comp. Laws § 600.3205 claim because the plaintiff failed to contact a housing counselor).

For their part, the Blocks cite *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949 (6th Cir. 2012), and *Roller v. Fed. Nat'l Mortg. Ass'n*, No. 12-11236, 2012 WL 5828628 (E.D. Mich. Aug. 16, 2012). Those cases differ in one key respect from the Blocks'—in both, the plaintiffs alleged that they requested modifications from their lenders, either directly or through a housing counselor. *Mitan*, 703 F.2d at 952; *Roller*, 2012 WL 5828628, at *2 n.2.

One final note. Even if the Blocks' claim had merit, they could not receive what their complaint asks for: "all legal title to" the foreclosed home. Compl., R. 1-1 ¶ 39. Instead, the remedy for a breach of the loan-modification statute is to "convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8).

For these reasons, we affirm.