NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0298n.06

Case No. 13-2230

FILED
Apr 22, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Gary Thompson, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JPMorgan Chase Bank, N.A. and Federal | ) | MICHIGAN |
| Home Loan Mortgage Corporation, | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

_____/

**Before: Merritt, Cook, and Stranch, Circuit Judges.**

**MERRITT, Circuit Judge**. This appeal arises out of a home foreclosure sale. Plaintiff Gary Thompson defaulted on his loan and defendant JPMorgan Chase initiated foreclosure proceedings and sold the property at a sheriff's sale on October 12, 2012. Plaintiff filed suit six months later, a day before the six-month redemption period expired, alleging that defendants did not follow Michigan's statutory procedures for nonjudicial foreclosures and, as a result, the property should be returned to him. The district court granted defendants' motion to dismiss because the plaintiff did not allege or attempt to show "fraud or irregularity" in the mortgage or foreclosure process, as required under Michigan law in foreclosure by advertisement cases. We have held in the past, interpreting Michigan law, as follows:

> Since a typical lawsuit cannot be completed before the expiration of the redemption period, Michigan courts allow "an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice" in order to keep a plaintiff's suit viable, *provided he makes "a clear showing of fraud, or irregularity" by the defendant*. *Schulthies v. Barron*, 16 Mich. App. 246, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.").

*El-Seblani v. IndyMac Mortg. Servs.,* 510 F. App'x 425, 428–29 (6th Cir. 2013) (emphasis added).

Plaintiff owned a home in Roseville, Michigan. He took a loan from Washington Mutual Bank, F.A., secured by a mortgage on his property and evidenced by a Promissory Note. The mortgage was recorded in 2007 and assigned to JPMorgan Chase in July 2012. There is no dispute that plaintiff failed to make the payments when due and that JPMorgan Chase sent plaintiff a foreclosure notice in August 2012 advising plaintiff that he could contact JPMorgan Chase to discuss a potential loan modification pursuant to Mich. Comp. Laws § 600.3205a *et seq*., the Michigan statutes that govern foreclosure by advertisement in this case. Plaintiff did not respond to the notice, and on October 12, 2012, JPMorgan Chase foreclosed by advertisement rather than by judicial foreclosure. Plaintiff filed a complaint in state court on April 12, 2013, the last day of a statutory six-month redemption period required under Michigan law. Plaintiff brought three counts against defendants arising out of the alleged improper foreclosure proceedings: (1) quiet title (Count I); (2) breach of Mich. Comp. Laws § 600.3205 (Count II); and (3) injunctive relief (Count III).[1] Plaintiff seeks to void the foreclosure and return title to his name, as

---

[1] "Injunctive relief" is not a cause of action, it is a remedy. We read plaintiff's complaint to request injunctive relief for breach of Mich. Comp. Laws § 600.3205.

well as other unspecified damages. Defendants removed the action to federal court and filed a timely motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion to dismiss and subsequently denied plaintiff's motion for reconsideration.

We review *de novo* a district court's order granting a motion to dismiss. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

Michigan law provides mortgagors with a six-month redemption period after a sheriff's sale. At the expiration of the redemption period, the sheriff's sale becomes operative and vests in the grantee. Mich. Comp. Laws § 600.3236. Once the statutory redemption period expires, all prior rights and title to the property are extinguished and a plaintiff may only challenge the sale by alleging fraud or irregularity in the complaint. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013); *Block v. BAC Home Loans Servicing L.P.,* 520 F. App'x 339, 340 (6th Cir. 2013) (after the redemption period concludes, "the mortgagor's legal rights in the property vanish and can only be restored by a lawsuit pleading 'fraud, accident or mistake.'") (quoting *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993)).

Although plaintiff filed the suit before the redemption period expired, the filing of the lawsuit was insufficient to toll the redemption period because plaintiff did not allege fraud or irregularity by the defendants. *See El-Seblani*, 510 F. App'x at 429. Violation of Michigan's statutory loan modification process, standing alone, is not enough to show the required "fraud or irregularity" necessary to void the foreclosure. *Acheampong v. Bank of N.Y. Mellon*, No. 12-13223, 2013 WL 173472, at *7-*8 (E.D. Mich. Jan. 16, 2013). Plaintiff also failed to allege the required prejudice to void a foreclosure sale that has already transpired. *See Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012). Plaintiff would have needed to allege

that he would have been in a better position to preserve his interest in the property absent defendants' actions. Loss of title alone to the property is insufficient prejudice. *See Grayer v. JPMorgan Chase Bank, N.A.*, No. 12-11125, 2013 WL 4414867, at *5 (E.D. Mich. Aug.15, 2013) (plaintiff's allegations that he will lose his rights to the property "is not the type of prejudice *Kim* contemplates as this is precisely the result intended by Michigan's foreclosure by advertisement statute."). We now turn to analyze plaintiff's claims pursuant to the relevant Michigan law.

In the first count, plaintiff alleges that defendants did not comply with the requirements of Mich. Comp. Laws § 600.3204(3),[2] concerning recording of the mortgage assignment, and Mich. Comp. Laws § 600.3205c, concerning the loan modification process. Based on this alleged lack of compliance, plaintiff seeks an order quieting title to the property.[3] With regard to the chain of title and recording of the assignment, plaintiff's allegation is meritless. The assignment from Washington Mutual to JPMorgan Chase was recorded in July 2012, more than two months prior to the October 12, 2012, sheriff's sale of the property. Ex. B to Defendants' Motion to Dismiss.

Plaintiff's second basis for seeking to quiet title in the property alleges a violation of Mich. Comp. Laws § 600.3205c concerning the loan modification process required for nonjudicial foreclosures. This appears to be the same allegation raised in the second count of the complaint, "Breach of MCL § 600.3205." Specifically, plaintiff alleges that defendants failed to complete the required loan modification process or provide him with a copy of the denial letter

---

[2] Section 600.3204(3) states, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage."

[3] Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims  . . . [an inconsistent interest]." Mich. Comp. Laws § 600.2932(1).

with calculations demonstrating that he cannot make the loan payments. *See* Mich. Comp. Laws § 600.3205c. Mich. Comp. Laws § 6205a-c sets out the procedure to be followed by both the borrower and the foreclosing party in order for a nonjudicial foreclosure to be effective. Mich. Comp. Laws § 600.3205c(1) provides, in relevant part, that "if a borrower has contacted [the mortgage holder] but the process has not resulted in an agreement to modify the mortgage loan, the [mortgage lender] shall work with the borrower to determine whether the borrower qualifies for a loan modification." The statute goes on to direct that a copy of any calculations made to determine eligibility for a loan modification shall be sent to the borrower. Mich. Comp. Laws § 600.3205c(5)(a). Michigan's statutory loan modification process does not require that the lender modify a loan, but requires only that the lender give notice and an opportunity for loan modification.

Plaintiff does not claim that he responded to the notice sent to him by JPMorgan Chase's counsel pursuant to Mich. Comp. Laws § 600.3205c providing information regarding potential review for a loan modification prior to commencing foreclosure by advertisement. JPMorgan Chase represented that it complied with the requirements of the statute and that plaintiff missed any opportunity to modify the loan. In any event, even if JPMorgan Chase violated the statute, plaintiff's only remedy was to request that the foreclosure by advertisement be converted to a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8) provides that the exclusive remedy for a failure to provide notice of the opportunity to discuss a loan modification is the right to convert a nonjudicial foreclosure by advertisement to a foreclosure supervised by a court. The statute in and of itself does not create an independent cause of action to nullify or unwind a foreclosure sale after the expiration of the redemption period. *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (rejecting borrowers' claim because they "appear to have missed the

boat regarding the applicability of this statute [§600.3205c] which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."). A total unwinding of the foreclosure sale can be accomplished only by demonstrating fraud or irregularities in the process. As discussed above, plaintiff has not made such allegations.

In sum, even if plaintiff's complaint had alleged an actual violation of Michigan's mortgage foreclosure statute, and even if it were possible to convert an already-completed foreclosure by advertisement into a judicial foreclosure, plaintiff lost the ability to challenge that foreclosure on April 12, 2013, when the statutory redemption period expired without his having redeemed the property. In the absence of any allegation of fraud or irregularity, there is no plausible claim that could support setting aside the foreclosure, and no facts have been alleged by plaintiff in support of such a claim. For the foregoing reasons, the judgment of the district court is affirmed.