**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0543n.06

No. 13-2570

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jul 22, 2014

DEBORAH S. HUNT, Clerk

BAHI KHOSHIKO; IBTISAM KHOSHIKO, )
)
    Plaintiffs-Appellants, )
)
                              ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE EASTERN DISTRICT OF
DEUTSCHE BANK TRUST COMPANY ) MICHIGAN
AMERICAS, as Trustee for RALI 2006QS18, )
)
    Defendant-Appellee. )
)

BEFORE: SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM. Plaintiffs Bahi and Ibtisam Khoshiko appeal the district court's judgment in favor of Deutsche Bank Trust Company Americas, as Trustee for RALI 2006QS18 ("Deutsche Bank Trustee"), in this action arising from the foreclosure of their home. For the reasons set forth below, we affirm.

In 2006, the plaintiffs obtained a loan for $360,000 from Homecomings Financial, LLC, secured by a mortgage on their residence, located at 4990 Knollcrest Court in Commerce Township, Michigan. The plaintiffs executed a promissory note and granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS"). In 2008, MERS assigned the mortgage to Deutsche Bank Trust Company Americas, which in turn assigned the mortgage to Deutsche Bank Trustee. The plaintiffs defaulted on their loan, and Deutsche Bank Trustee

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

foreclosed on the property by advertisement and bought it at a sheriff's sale on April 17, 2012. The statutory six-month redemption period was set to expire on October 17, 2012.

On October 12, 2012, the plaintiffs filed an action to quiet title in the Oakland County Circuit Court, asserting that the foreclosure was invalid because Deutsche Bank Trustee failed to comply with the requirements of Michigan Compiled Laws § 600.3205c concerning the loan modification process, and because Deutsche Bank Trustee lacked the capacity to foreclose. As relief, the plaintiffs sought legal title to the property and unspecified damages. The state court granted a temporary restraining order that extended the redemption period to October 31, 2012.

Deutsche Bank Trustee removed the case to federal court and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion to dismiss, concluding that the plaintiffs were not entitled to relief because they did not seek the only remedy available for a violation of Michigan Compiled Laws § 600.3205c—conversion to a judicial foreclosure—and because Deutsche Bank Trustee, as the mortgagee of record, had the capacity to foreclose.

On appeal, the plaintiffs have abandoned their claim that Deutsche Bank Trustee lacked the capacity to foreclose, arguing only that the foreclosure was invalid based on the bank's alleged failure to comply with Michigan Compiled Laws § 600.3205c.

We review *de novo* a district court's decision to dismiss a complaint under Rule 12(b)(6). *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plaintiffs allege that Deutsche Bank Trustee violated Michigan Compiled Laws § 600.3205c by failing to provide them with required documentation concerning the loan modification process. But under Michigan law, a non-judicial foreclosure may be set aside after the expiration of the six-month redemption period only upon a clear showing of fraud or irregularity "relate[d] to the foreclosure procedure itself." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013) (citation omitted); *see Block v. BAC Home Loans Servicing, LP*, 520 F. App'x 339, 340 (6th Cir. 2013) ("After six months . . . the mortgagor's legal rights in the property vanish and can only be restored by a lawsuit pleading 'fraud, accident or mistake.'" (quoting *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993))). In addition, defects in the foreclosure process are "actionable . . . only on a showing of prejudice." *Conlin*, 714 F.3d at 361–62. The plaintiffs' allegations do not satisfy these requirements. "Violation of Michigan's statutory loan modification process, standing alone, is not enough to show the required 'fraud or irregularity' necessary to void the foreclosure." *Thompson v. JPMorgan Chase Bank, NA*, No. 13-2230, 2014 WL 1586992, at *2 (6th Cir. Apr. 22, 2014) (citation omitted). And to show prejudice, a plaintiff must allege more than simply a loss of title. *See id.* (requiring a plaintiff to allege "that he would have been in a better position to preserve his interest in the property absent defendants' actions"); *see also Kim v. JPMorgan Chase Bank, NA*, 825 N.W.2d 329, 337 (Mich. 2012).

Moreover, the "exclusive remedy" for a violation of Michigan Compiled Laws § 600.3205c is "to request that the foreclosure by advertisement be converted to a judicial foreclosure." *Thompson*, 2014 WL 1586992, at *3; *see Block*, 520 F. App'x at 340–41 ("[T]he remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'" (quoting Mich. Comp. Laws § 600.3205c(8))). The relief the plaintiffs

seek—setting aside the foreclosure—is not available to remedy the violations they allege. *See Thompson*, 2014 WL 1586992, at \*3; *Elsheick v. Select Portfolio Servicing, Inc.*, No. 13-2100, 2014 WL 2139140, at \*6 (6th Cir. May 22, 2014); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012).

Accordingly, we affirm the district court's judgment.