NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0762n.06

No. 14-1023

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RAAD JARBO and WISAL JARBO, | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Oct 03, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON f/k/a The | ) | ON APPEAL FROM THE |
| Bank of New York, as Trustee for the Certificate | ) | UNITED STATES DISTRICT |
| Holders of CWALT Inc., Alternative Loan Trust | ) | COURT FOR THE EASTERN |
| 2007-9T1, Mortgage Pass-Through Certificates, | ) | DISTRICT OF MICHIGAN |
| Series 2007-9T1, | ) | |
| | | |
| Defendant-Appellee. | | |

BEFORE:     GUY, ROGERS, and DONALD, Circuit Judges.

ROGERS, Circuit Judge

Defendant Bank of New York Mellon foreclosed on a second home mortgaged by Bushra Halbo and her sister, plaintiff Wisal Jarbo. Rather than attempting to redeem the property, Jarbo and her husband waited almost six months and then brought this action contesting the foreclosure. Plaintiffs lack a viable claim, however, because Michigan law extinguishes a mortgagor's rights to the mortgaged property after the six-month statutory redemption period expires, and because plaintiffs cannot show that their position to redeem the property would have improved absent the alleged irregularities in the foreclosure process. The district court thus properly granted BNYM's motion to dismiss.

On January 18, 2007, Bushra Halbo and her sister, plaintiff Wisal Jarbo (Wisal), were deeded a specific property located on Carillon Drive in Bloomfield Hills Township, Michigan. Just over a month later, Halbo obtained a $776,000 loan from America's Wholesale Corporation. As security for the loan, Halbo and Wisal granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS). Because Wisal did not sign the note accompanying the mortgage, she was not "personally obligated to pay the sums secured by [the mortgage], but agreed to 'mortgage, grant and convey [her] interest in the Property.'" As part of the mortgage, Halbo and Wisal also executed a second-home rider, acknowledging that they would use the property as a "second home" and that they would be in default if that representation was false. The mortgage lists Halbo and Wisal's primary address as 418 Avenida Abajo, El Cajon, CA 92020. The mortgage was recorded on March 21, 2007, in the Oakland County Register of Deeds.

On October 8, 2008, Halbo modified the loan to include past due payments and interest that had accrued on the loan due to non-payment. As of December 1, 2008, the modified balance of the loan was $812,938.25. On February 10, 2010, MERS assigned the mortgage to defendant Bank of New York Mellon (BNYM) and the assignment was recorded in the Oakland County Register of Deeds on March 9, 2010.

Halbo and Wisal defaulted on the modified loan and, on March 9, 2010, BNYM's servicing agent initiated foreclosure-by-advertisement proceedings. Halbo filed an action to prohibit the foreclosure, although the Oakland County Circuit Court eventually dismissed it with prejudice. On May 31, 2010, BNYM re-initiated foreclosure proceedings, sending Halbo and Wisal written notice of its intent to foreclose. Neither Halbo nor Wisal responded. Between July 16 and August 6, 2012, BNYM published notice of the foreclosure sale in the Oakland County

Legal news on four separate occasions, and also posted notice of the sale on the property. On August 14, 2012, at the foreclosure sale, BNYM bought the property for $1,083,303.30.

Under Michigan law, once BNYM purchased the property, Halbo and Wisal had six months to redeem it. Mich. Comp. Laws § 600.3240(1). But neither Halbo nor Wisal attempted to do so. Instead, on February 8, 2013, with just six days remaining on the statutory redemption period, Wisal and her husband, Raad Jarbo, filed this suit in Oakland County Circuit Court, alleging various improprieties in the foreclosure process. Five days later, on the eve of the expiration of the redemption period, they filed a motion to enjoin the expiration of the redemption period. On February 14, 2013—the day the redemption period expired—the Oakland County Circuit Court denied the Jarbos' motion.

BNYM subsequently removed the matter to the United States District Court for the Eastern District of Michigan and moved to dismiss all counts of the complaint. On October 22, 2013, the district court granted BNYM's motion and dismissed the Jarbos' complaint. The Jarbos moved for reconsideration, which motion the district court denied on November 26, 2013. This appeal followed.

Dismissal of the Jarbos' suit was proper because, under Michigan law, the Jarbos lost any interest they had in the property when the six-month statutory redemption period expired. Michigan law explicitly provides that mortgagors of residential properties have six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(1), (8). When the six-month period expires, the mortgagor forfeits any right, title, or interest he or she had in the property. Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). The Jarbos do not dispute that the redemption period for the property expired on February 14, 2013, and that they had not redeemed the property by that date.

Under Michigan law, then, they have forfeited any right, title, or interest they once had in the property.

There is a judicially-created exception to the redemption rule, but this case does not fit within it. The exception allows courts to extend the statutory redemption period where a party clearly shows fraud or irregularities in the foreclosure process that actually prejudiced the mortgagor in preserving his or her interest in the property. *Khoshiko v. Deutsche Bank Trust Co. Ams.*, --- F. App'x ----, 2014 WL 3608741, at *1 (6th Cir. July 22, 2014). The Jarbos, however, have not said how BNYM's alleged malfeasance prejudiced them in retaining their interest in the property. They assert that their "injuries are clear" and that they "lost title to the [property]," but fail to explain how they would have been in a better position to keep the property absent the alleged defects. Barring some showing of prejudice—the burden of which rests on the Jarbos— the six-month statutory redemption period is a rigid bar, *see Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013), one that, in this case, forecloses the Jarbos' challenge to BNYM's foreclosure.

The Jarbos' counter-arguments lack merit. First, the Jarbos assert a quiet title claim, but quiet title is a remedy, not a freestanding claim. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928 (6th Cir. 2013). Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action. Because the Jarbos assert their quiet title claim as a discrete count, the district court was correct to dismiss it.

There is also nothing to the Jarbos' argument that BNYM lacked standing to foreclose. In Michigan, a mortgagee has standing to foreclose so long as: (1) the public record shows that the mortgage passed to the foreclosing party, and (2) the record chain of title is not destroyed by an irregularity affecting the validity of a transfer. Mich. Comp. Laws § 600.3204(3); *Livonia*

*Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). There is no question that the public record shows the mortgage passed from MERS to BNYM; the assignment was recorded in the Oakland County Register of Deeds on March 9, 2010. And nothing in the pleadings suggests an irregularity affecting the validity of the transfer to BNYM. The Jarbos point out that assignment of the mortgage to BNYM occurred after the cut-off date for including mortgage loans in the trust. But *mortgages* and *mortgage loans* are not the same things, and a cut-off date for including mortgage loans in a trust does not function as a cut-off date for transfers of mortgages. *See Smith v. Litton Loan Servicing, LP*, No. 10-14700, 2012 WL 1444636, at *1 (E.D. Mich. Apr. 26, 2012). The Jarbos' argument regarding the cut-off date therefore does not raise any sort of irregularity, let alone one that would affect the validity of the transfer to BNYM.

The Jarbos' various claims under Mich. Comp. Law § 600.3205a and § 600.3205c fare no better, as those sections do not apply to the facts of this case. By their terms, both sections apply only to property claimed as a principal residence exempt from tax under section 7cc of the general property tax act. Mich. Comp. Laws § 600.3205a (repealed June 19, 2014). The mortgage to the property, however, explicitly designates the property as a second home, not a principal residence.

Because the Jarbos' substantive claims lack merit, there is no basis for granting their request for an injunction. *See Mason & Dixon Lines Inc. v. Steudle*, 683 F.3d 289, 296-97 (6th Cir. 2012). Having thus dispensed with each claim in the Jarbos' complaint, we affirm the district court's judgment dismissing the complaint in its entirety.