NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0642n.06

No. 14-2305

**FILED**
Sep 16, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NATHANIEL HALL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| U.S. BANK, N.A., as successor trustee to Bank of | ) | UNITED STATES DISTRICT |
| America, N.A., as successor by merger to LaSalle | ) | COURT FOR THE EASTERN |
| Bank, N.A., as trustee for Merrill Lynch First | ) | DISTRICT OF MICHIGAN |
| Franklin Mortgage Loan Trust, Mortgage Loan | ) | |
| Asset-Backed Certificates, Series 2007-3, | ) | |
| | ) | |
| Defendant-Appellee | | |

BEFORE:     GUY, BATCHELDER and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  Nathaniel Hall filed various claims against U.S. Bank, N.A. ("U.S. Bank") after the bank foreclosed on his home.  The district court dismissed all of those claims under Fed. R. Civ. P. 12(b)(6) and Hall appeals that dismissal. Because his appellate brief simply recites—almost verbatim—his response in the district court in opposition to the motion to dismiss, failing to identify any challenged aspect of the district court's ruling, he has abandoned his claims.  We therefore affirm the district court's decision.

I.

Hall received a $750,000 loan from First Franklin Financial Corp. in 2007 to enable him to purchase a condominium in Detroit.  He granted a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), the lender's nominee, and MERS

duly recorded. MERS assigned the mortgage to U.S. Bank in 2010 and U.S. Bank recorded the assignment.

Hall defaulted on his payment obligations and U.S. Bank commenced foreclosure by advertisement proceedings. The Bank gave Hall notice of his default and the Bank's intent to foreclose. Hall did not exercise his statutory right, *see* Mich. Comp. Laws § 600.3205b (2010), to request a meeting with a housing counselor. U.S. Bank proceeded with foreclosure by advertisement, posting a notice on the door of the condominium and publishing a notice for four consecutive weeks. In August 2011, U.S. Bank purchased the property at a sheriff's sale. Hall does not allege that he redeemed the property by the expiration of the six-month redemption period, *see* Mich. Comp. Laws § 600.3240(8), on February 29, 2012.

Hall sued U.S. Bank in state court. Initially, by the parties' stipulation, the court dismissed the action in 2012 without prejudice, but Hall re-filed in the same court in 2013. U.S. Bank filed a timely notice of removal.

Hall's complaint included eight claims: (I) "quiet title"; (II) illegal foreclosure by advertisement; (III) lack of capacity/ownership/privity; (IV) breach of Mich. Comp. Laws § 600.3205 by failing to complete the loan modification process and failing to send him a denial letter; (V) breach of implied agreement to consider Hall for a loan modification; (VI) innocent or negligent misrepresentation that the Bank would consider Hall for a loan modification; (VII) enforcement of the alleged agreement by promissory estoppel; and (VIII) a request to convert the foreclosure by advertisement to a judicial foreclosure.

The district court granted U.S. Bank's motion to dismiss all counts for failure to state a claim. The court dismissed counts I–IV and VIII on the basis that Hall had no right to challenge the legality of the foreclosure sale after the expiry of the redemption period. Though there is an

exception for cases in which there has been fraud or irregularities in the foreclosure process, the court held that Hall failed to allege facts to trigger this exception. The district court further held that the statute of frauds barred Counts V, VI and VII, and that Hall failed to allege misrepresentation with the requisite particularity in Count VI. Hall filed a timely notice of appeal.

## II.

We review *de novo* a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). "In assessing a motion to dismiss under Rule 12(b)(6), this court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions couched as factual allegations need not be accepted as true. *See id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). "[A] party alleging fraud [or mistake] 'must state with particularity the circumstances constituting fraud or mistake.'" *Thompson*, 773 F.3d at 751 (quoting Fed. R. Civ. P. 9(b)).

## A.

"'It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived.'" *Arch on the*

*Green, Inc. v. Groves*, 761 F.3d 594, 602 (6th Cir. 2014) (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006)). Here, as we have previously observed of a litigant represented by this same counsel, Hall "make[s] no effort to show how the district court erred." *See Carl v. BAC Home Loans Servicing, LP*, 479 F. App'x 732, 732 (6th Cir. 2012) (per curiam). Indeed, his appellate brief is virtually identical—word for word—to the response to the motion to dismiss filed in the district court. Counsel did nothing more than make cosmetic changes, substituting "plaintiff-appellant" for "plaintiff," saying that Hall "requested a [s]tay" rather than "requests a stay," and so forth. The argument portion of the brief does not even mention the district court's decision, let alone point to any alleged errors. Hall has abandoned all of his arguments.

B.

We therefore decline to address the merits, other than to note that counsel—not for the first time—has advanced claims patently lacking in merit. There should be no need, for instance, for a further reminder to the same counsel that stand-alone claims for "quiet title" are baseless because "quiet title is a remedy, not a freestanding claim." *Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014). Moreover, the use of Federal Rule of Civil Procedure 56(d) to challenge the district court's denial of his request for further discovery overlooks a fundamental and well settled principle: a plaintiff who fails to state a claim is not entitled to further discovery. *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007). Rule 56 deals with summary judgment, not motions to dismiss. Just as it is clear that verbatim recitations of district court filings are inadequate on appeal, counsel should already be equally cognizant of the need to refrain from filing obviously groundless claims. *See, e.g.*, Fed. R. Civ. P. 11(b)(2) (requiring that claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law"); Fed. R. App. P. 38 (providing for sanctions for frivolous appeals); Mich. R. Prof. Conduct 3.1 ("A lawyer shall not bring . . . a proceeding, or assert . . . an issue therein, unless there is a basis for doing so that is not frivolous."). We hope no further prompting will be necessary.

III.

For the reasons above, we affirm the district court's dismissal of all of the claims in Hall's complaint.