Randolph FAWKES, Plaintiff–
Appellant,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant–Appellee.

No. 15–1067.

United States Court of Appeals,
Sixth Circuit.

April 18, 2016.

BEFORE: SILER, CLAY, and GIBBONS, Circuit Judges.

## OPINION

JULIA SMITH GIBBONS, Circuit Judge.

Fawkes appeals the district court's grant of summary judgment in favor of JPMorgan. He argues the court should set aside the foreclosure sale where his property was sold because JPMorgan violated several provisions of Michigan's foreclosure-by-advertisement statute. We affirm.

### I.

In 2003, Fawkes borrowed money to buy a house, securing his promise to repay the $2 million loan with a mortgage on the house. After Fawkes was unable to make repayments, JPMorgan exercised its right to foreclose by advertisement and purchased the property at a sheriff's sale. One day before the sixth-month redemption period would expire, Fawkes filed a lawsuit in state court. JPMorgan removed this case to the United States District Court for the Eastern District of Michigan. JP Morgan moved for summary judgment.[1]

The district court granted summary judgment in favor of JPMorgan. In response to count one, the court, held the redemption period expired and Fawkes failed to demonstrate fraud or irregularity in JPMorgan's conduct, or prejudice resulting therefrom. Regarding counts two and three, it held the claim for conversion

---

1. Fawkes makes arguments throughout his brief that indicate he is under the erroneous belief that he is appealing a Rule 12(b)(6) motion to dismiss for failure to state a claim rather than a Rule 56 motion for summary judgment.

to a judicial foreclosure under Michigan Compiled Laws § 600.3205c expired either after the sheriff's sale or after the expiration of the redemption period, but that either way, Fawkes did not demonstrate prejudice, so his claim could not survive. As for the final count seeking injunctive relief, the court held it did "not set forth an independent cause of action." Op. and Order 5, ECF No. 15. After entry of judgment, Fawkes filed this timely appeal.

## II.

This court reviews a district court's grant of summary judgment *de novo. Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 894–95 (6th Cir.2004) (citing *Terry Barr Sales Agency, Inc. v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996)). The movant is entitled to summary judgment where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" for the court to deny defendant's motion for summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Mosholder v. Barnhardt*, 679 F.3d 443, 449 (6th Cir.2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## III.

Fawkes's brief on appeal does not point to any specific claims of error with the district court's judgment, but rather rehashes, nearly verbatim, his untimely response to JPMorgan's motion for summary judgment, and raises several arguments that were not raised in his complaint.[2] "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Randolph*, 794 F.3d 602, 616 (6th Cir.2015) (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006)). This court has also "repeatedly declined to consider on appeal arguments that were not presented to the district court." *Downey v. Fed. Nat'l Mortg. Ass'n*, 590 Fed.Appx. 587, 592 (6th Cir. 2014) (citing *Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir.2012); *Barnett v. Luttrell*, 414 Fed.Appx. 784, 789 (6th Cir. 2011)). As these arguments were not considered by the district court, they are waived. *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.* 767 F.3d 611, 630 (6th Cir.2014) ("On appeal, Defendants assert some arguments that were not presented to the district court due to their failure to oppose the motion for summary judgment. These arguments were waived because they were not first considered by the district court.").

We have reviewed the record and the well-reasoned decision of the district court, and conclude that it did not err in granting summary judgment in favor of JPMorgan. *See id.* ("[R]ather than consider Defendants' newly-asserted arguments, this Court reviews the district court's articulated analysis to ensure that it did not overlook any genuine dispute of material fact."). Fawkes's claims are utterly lacking in merit. Armed only with skeletal arguments that we, in cases argued by Fawkes's counsel, have rejected before,[3]

---

**2.** He raises a due process argument, asserts that the doctrines of *res judicata* and collateral estoppel bar the "MCLA 600.3205a-d issues" because the parties previously dismissed this case *without* prejudice, and ar-

gues certain unidentified affidavits and documents were "robo-signed." Appellant Br. 17–18, 22–23, ECF No. 12.

**3.** For instance, in alleging fraud or irregularity, counsel merely argues JPMorgan violated

and will reject again now, Fawkes fails to prove the high level of fraud, irregularity, or prejudice necessary to set aside the foreclosure sale as requested in counts one and two of his complaint. Due to these shortcomings, we can neither grant the relief of judicial foreclosure requested in count three, nor the relief of an injunction requested in count four (curiously labelled as count nine in his brief). A more detailed opinion in this matter would be unjustifiably duplicative. *See Hindo v. Bank of N.Y. Mellon,* 596 Fed.Appx. 484, 484 (6th Cir.2015); *Hubbard v. Wash. Mut. Bank, FA,* 581 Fed.Appx. 539, 540 (6th Cir.2014).

## IV.

For the reasons explained above, we affirm the district court's grant of JPMorgan's motion for summary judgment.

---

several provisions of the foreclosure by advertisement statute, but we have held such violations, standing alone, are not enough to show the fraud or irregularity necessary to void the foreclosure. *Khoshiko v. Deutsche Bank Trust Co. Ams.,* 574 Fed.Appx. 539, 541 (6th Cir. 2014); *Thompson v. JPMorgan Chase Bank, N.A.,* 563 Fed.Appx. 440, 442 (6th Cir.2014). He further asserts Fawkes was prejudiced because he lost title to the property, yet we have held such a bare allegation is insufficient. *Jarbo v. Bank of N.Y. Mellon,* 587 Fed.Appx. 287, 289 (6th Cir.2014); *Thompson,* 563 Fed. Appx. at 442. Counsel also relies on *Mitan v. Federal Home Loan Mortgage Corp.,* 703 F.3d 949 (6th Cir.2012), in support of his argument that defects in the foreclosure process void the foreclosure. We, as well as the District Court for the Eastern District of Michigan, have alerted counsel that an argument in reliance on *Mitan* is frivolous because *Mitan* has been abrogated by *Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 825 N.W.2d 329, 337 (2012). *Gjokaj v. HSBC Mortg. Servs.,* 602 Fed.Appx. 275, 278 (6th Cir.2015); *Gjokaj v. HSBC Mortg. Servs.,* No. 2:14-cv-11119, 2014 WL 2968022, at *10-11, 2014 U.S. Dist. LEXIS 89205, at *30-32 (E.D.Mich. July 1, 2014); *see also Holliday v. Wells Fargo Bank, NA,* 569 Fed.Appx. 366, 371 (6th Cir.2014). As counsel has recently been reminded in *Hall v. U.S. Bank, NA,* 626 Fed.Appx. 114, 116 (6th Cir.2015), he is under a duty to refrain from frivolous filings. *See, e.g.,* Fed. R.Civ.P. 11(b)(2); Fed R.App. P. 38; Mich. R. Prof. Conduct 3.1.