**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 18a0034n.06**
**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jan 18, 2018
DEBORAH S. HUNT, Clerk

TIFFANY WIGGINS,

    Plaintiff-Appellant,

    v.

OCWEN LOAN SERVICING, LLC,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

---

BEFORE: MERRITT, GRIFFIN, and DONALD, Circuit Judges.

    GRIFFIN, Circuit Judge.

    Plaintiff Tiffany Wiggins alleges defendant Ocwen Loan Servicing, LLC improperly denied her request for a loan modification and then illegally foreclosed on her home. Wiggins contends this violated the Real Estate Settlement Procedures Act and Michigan law. The district court dismissed plaintiff's complaint for failing to state a claim. We affirm, finding her briefing so woefully deficient as to constitute abandonment on appeal.

I.

    Following injury, illness, and a loss of income, Wiggins fell behind on mortgage payments for her home in Shelby Township, Michigan. The servicer of her loan, Ocwen, began foreclosure proceedings; it first published notice of foreclosure on February 19, 2015, for a scheduled March 20, 2015, foreclosure sale. Wiggins then "requested a modification review

from Defendant Ocwen." More specifically, Wiggins submitted a "Request for Mortgage Assistance" under the federal Home Affordable Modification Program on February 26, 2015—a week after Ocwen published its first notice of foreclosure.[1] However, Ocwen "returned an explanation that did not make sense"; it denied her request due to Ocwen overstating her monthly income and understating her monthly mortgage payment, and provided two different principal balance statements. Wiggins attempted to correct these falsities to no avail, and was unable to modify the terms of her loan.

Wiggins commenced this action in state court in September 2015, alleging four causes of action: (1) violation of the Real Estate Settlement Procedures Act (RESPA); (2) illegal foreclosure under MCL § 600.3204; (3) negligence; and (4) "exemplary damages." Following removal and an attempted settlement, a Sheriff's sale was executed on May 27, 2016. Ocwen then filed a "motion to dismiss, and/or for summary judgment." The district court treated defendant's motion as one solely on the pleadings and dismissed plaintiff's complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). Wiggins appeals the district court's dismissal of her complaint in its entirety.

II.

We review de novo a district court's order dismissing a claim under Rule 12(b)(6). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013). In doing so, we accept all well-pled factual allegations as true and determine whether they plausibly state a claim for relief.

---

[1]We draw some of these facts that are outside the four corners of the complaint from documents Ocwen presented to the district court, namely plaintiff's loan modification application and public records regarding her foreclosure. As the district court correctly found (and as uncontested by plaintiff), these documents are ripe for consideration at the motion-to-dismiss stage because they were either (a) public records subject to judicial notice, or (b) referred to in the complaint and central to plaintiff's claims. *See, e.g.*, *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467 (6th Cir. 2011).

*Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and we "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference[.]" *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (quotation marks and citation omitted).

III.

We begin with plaintiff's RESPA claims. 12 U.S.C. § 2605(k)(1)(E) prohibits mortgage servicers from failing to comply with regulations implementing RESPA, and correspondingly, 12 C.F.R. § 1024(a) allows borrowers to enforce RESPA's loss mitigation procedures. Wiggins alleges Ocwen failed to comply with two of these procedures, each of which prohibit a servicer from taking certain actions upon the borrower filing a complete and timely loss mitigation application. If that occurs, § 1024.41(f)(2) disallows a servicer (with exceptions not applicable here) from "mak[ing] the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process" and § 1024.41(g) forbids (again, with some exceptions) a servicer from "mov[ing] for foreclosure judgment or order of sale, or conduct[ing] a foreclosure sale."

Wiggins alleges Ocwen violated these provisions because it "referr[ed] Plaintiff' [sic] loan to foreclosure after loss mitigation had begun and the review was in process," and "continued to pursue the foreclosure sale of the home" despite "knowing of error in income and payment information." The district court disagreed, first concluding the complaint did "not plausibly state that she filed a 'complete loss mitigation application.'" And even if she did, the district court held it was not timely under either (f)(2) or (g), noting that the former applies if a borrower requests a modification *before* the servicer files its first notice of foreclosure and the

latter applies if the application is made more than thirty-seven days before the scheduled foreclosure sale. Because Wiggins met neither timeline, the district court dismissed her RESPA claims.

On appeal, Wiggins submitted a brief that is nearly identical to her response to Ocwen's dispositive motion below, with minor linguistic changes reflecting the appellate posture—i.e., "appellant" in lieu of "plaintiff." As far as we can discern, the only difference of substance is Wiggins's contention that the district court's dismissal of her RESPA claims was "outrageous," as stated in the following conclusory and unsupported two sentences:

> [The district court's opinion] is outrageous as [Ocwen] reviewed the completed application and used the wrong income amount as established in [plaintiff]'s complaint and exhibits. Moreover, there were several completed modification applications as the home was foreclosed after this litigation had been ongoing for almost a year without notice.

(citations and emphasis omitted). Hyperbole aside, these sentences fail to respond to Judge Michelson's critiques of plaintiff's RESPA claims.

Time and time again, we have found such lackluster briefing, without "any sort of argument for the reversal of the district court," *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007), or "cogent" the-district-court-got-it-wrong analysis, "constitutes abandonment." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016); *see also White Oak Prop. Dev., LLC v. Washington Twp.*, 606 F.3d 842, 850 (6th Cir. 2010) ("perfunctory" and "nebulous" argument renders an issue forfeited). And we have done so in several similar Michigan residential foreclosure cases. *See, e.g.*, *Hall v. U.S. Bank, N.A.*, 626 F. App'x 114, 116 (6th Cir. 2015); *Gjokaj v. HSBC Mortg. Servs., Inc.*, 602 F. App'x 275, 279 (6th Cir. 2015). We take that same approach here and deem Wiggins's challenge to the district court's dismissal of her RESPA claims abandoned.

IV.

The remainder of plaintiff's claims of appeal fail for the same reason. She again submitted nearly identical briefing to us that she did below—briefing the district court aptly considered and rejected as raising arguments wholly without merit. Having failed to advance any argument as to why Judge Michelson's well-reasoned opinion is deficient, we deem the remaining issues unpreserved for appellate review.[2] *See, e.g.*, *Geboy*, 489 F.3d at 767.

V.

Finally, Ocwen requests that we remand the matter to the district court with instructions that it dismiss the complaint with, as opposed to without, prejudice. When an appellee "wishes to attack part of a final judgment in order to enlarge his rights or to reduce those of his adversary," he must file a cross appeal, and the failure to do so strips us of jurisdiction to consider his argument. *Francis v. Clark Equip. Co.*, 993 F.2d 545, 552 (6th Cir. 1993). "A cross appeal is necessary even if the appellee merely seeks to correct an error or to supplement the decree with respect to a matter not dealt with below." *Olympic Fastening Sys., Inc. v. Textron Inc.*, 504 F.2d 609, 617 (6th Cir. 1974). We have held a request to "transform the district court's dismissal without prejudice into a dismissal with prejudice" constitutes a bid to enlarge an appellee's rights that we may not consider absent a cross appeal. *United States v. Neal*, 93 F.3d

---

[2]One more point is in order regarding plaintiff's negligence claim. Wiggins claims Ocwen had a duty to properly evaluate her loan modification request and that RESPA's regulations provide the standard of care sufficient to support a negligence action under Michigan law. This argument is one plaintiff's counsel has advanced before, *see, e.g.*, *Rush v. Mac*, 792 F.3d 600, 605 (6th Cir. 2015); *Ray v. U.S. Bank Ass'n*, 627 F. App'x 452, 457 (6th Cir. 2015); and *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 298–300 (6th Cir. 2015), and is one she has lost before. *See, e.g.*, *Rush*, 792 F.3d at 605 ("Under Michigan law, a homeowner who has defaulted may not simply waive the [mortgage] contract and sue in negligence."). The district court expressly relied upon *Campbell* and *Rush* to dismiss plaintiff's negligence claim, yet those cases went unmentioned in the brief submitted by Wiggins's counsel. The lack of candor on appeal is not well-taken.

219, 224 (6th Cir. 1996); *see also Conover v. Lein*, 87 F.3d 905, 908–09 (7th Cir. 1996).

Because Ocwen did not file a cross appeal, we dismiss its argument for lack of jurisdiction.

VI.

For these reasons, we affirm the judgment of the district court.